IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE DAVENPORT,<br><br>    a/k/a Draco John Flama,<br><br>    Defendant. | CASE NO.  2:13-CR-0399 MCE<br><br>**ORDER CONTINUING STATUS CONFERENCE FROM JANUARY 7, 2016 UNTIL AFTER DEFENDANT'S INTERLOCUTORY APPEAL IS RESOPLVED AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** |

    This matter is before the Court on the motion by defendant Jesse Davenport ("Defendant") to continue the status conference currently scheduled before this Court on January 7, 2016, until such time as Defendant's interlocutory appeal is resolved by the United States Court of Appeals for the Ninth Circuit ("Court of Appeals"), and to exclude time under the Speedy Trial Act.  The United States, through its counsel, Assistant United States Attorney André M. Espinosa, has indicated that it does not object to Defendant's motion.  Additionally, the Court finds that:

    1. On or about December 14, 2015, Defendant filed a Notice of Appeal with the Court of Appeals from an Order of this Court denying Defendant's motion to suppress evidence.

    2. The parties agree and stipulate that Defendant's filing of a Notice of Appeal deprives this Court of jurisdiction over this matter while such appeal is

pending, and that time necessary to resolve Defendant's appeal is excludable and should be excluded for purposes of calculating the period within which a trial must commence under the provisions of the Speedy Trial Act.

3. The parties now move to continue the status conference currently scheduled before this Court until such time as Defendant's interlocutory appeal is resolved by the Court of Appeals, and to exclude time under the Speedy Trial Act.

4. The parties agree and stipulate that the Court of Appeals will require significant time to resolve Defendant's interlocutory appeal.

5. The parties further agree and stipulate pursuant to 18 U.S.C. § 3161(h)(1)(C) and local code D, that all time between January 7, 2016 and the next scheduled status conference in this matter is excludable and should be excluded for purposes of calculating the period within which a trial must commence under the provisions of the Speedy Trial Act.

6. The parties further agree and stipulate that the next status conference before this Court shall be held on the first date available to this Court following the issuance of an Order from the Court of Appeals resolving Defendant's interlocutory appeal.

Based on the above, the Court also finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing this case as requested by the parties outweigh the interest of the public and Defendant in a trial within the original date prescribed by the Speedy Trial Act.

**ACCORDINGLY**, based on the parties' agreements and stipulations, and for good cause shown, it is hereby ordered that, the status conference before this Court in this matter currently scheduled for January 7, 2016 is continued until the first date available to this Court, as requested by the parties, following the issuance of an Order from the Court of Appeals resolving Defendant's interlocutory appeal.  It is further ordered that

the time period from January 7, 2016, through the date of the next scheduled status conference before this Court, inclusive, is excluded, for purposes of calculating the period within which a trial must commence under the provisions of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(C) and Local Code D, because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.  Finally, the parties are directed to file a Joint Status Report with the Court every ninety days advising the Court of the status of Defendant's appeal.  The first Report shall be filed not later than ninety days following the date this Order is electronically filed.

IT SO ORDERED.

Dated:  January 11, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT