UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE DAVENPORT,<br>a.k.a. Draco John Flama,<br><br>Defendant. | No. 2:13-cr-00399-MCE<br><br><br><br>**MEMORANDUM AND ORDER** |

The Superseding Indictment (ECF No. 41) charges Defendant Jesse Davenport ("Defendant") with the following: one count of conspiracy to sexually exploit a child in violation of 18 U.S.C. § 2251(a) and (e); two counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2); and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Defendant, proceeding pro se, has filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 48. The United States of America ("the Government") timely filed an Opposition to Defendant's Motion (ECF No. 51), and Defendant timely filed a Reply (ECF No. 53). A hearing on the Motion was held on August 20, 2015. For the reasons that follow, Defendant's Motion to Dismiss for Lack of Jurisdiction is DENIED.

///

# BACKGROUND[1]

On or about June 17, 2012, Defendant was released from state prison and placed on parole for a period of three years. On or about September 5, 2013, Defendant met with his parole agent in Chico, California. Defendant, in violation of the terms of his parole, was in possession of an Internet-capable smart phone. Defendant's parole agent seized a micro-SD card inside of the phone to search it for contraband pursuant to Defendant's parole conditions. Defendant also thereafter removed his GPS monitoring device, which was recovered in a trash bin outside of a convenience store. Defendant was arrested on approximately September 12, 2013, after which his parole agent searched the micro-SD card recovered earlier.

During his search of the micro-SD card, the parole agent discovered a video titled "VID_20130827_162931.MP4." That video depicted an adult female digitally penetrating the vagina of a toddler and simulating oral sex on the toddler. The parole agent's search also determined that Defendant used the email address "masterxsavage@gmail.com."

> Additional investigation revealed that Angela Martin ("Martin"), a Connecticut resident, recorded the Toddler Sex Abuse Video and emailed it to Defendant. On or about September 19, 2013, FBI agents in Connecticut questioned Martin, who stated, in substance and in part, that she had been communicating with Defendant in an online chat room focused on master/slave relationships. Martin stated that she recorded the Toddler Sex Abuse Video of her 3 year-old niece (who Martin babysat along with the victim's sibling) because Defendant threatened to hurt Martin, her husband, and the children Martin babysat if Martin did not send pictures and videos showing the "private parts" of the children. A review of Martin's phone showed an email on August 27, 2013, to an individual identified as "Jesse" at masterxsavage@gmail.com. The Toddler Sex Abuse Video was attached to that email.

Government's Opp'n, ECF No. 51 at 5.

A subsequent search of Martin's phone revealed a text message exchange

---

[1] The following statement of facts is derived from the allegations in the Government's Opposition. ECF No. 51. This statement of facts is included only for purposes of understanding the pending Motion to Dismiss; nothing in this Order should be construed as a finding of fact.

between Martin and Defendant.  In that exchange, Defendant sent the following text messages:  "tell me when it's sent"; "send it again"; "Got it!!!"; "Downloading now"; "I fucking love it!!!  But you need to clip your nails down to nothing.  And try again tomorrow"; that Defendant's favorite part was the three-year-old's "gorgeous little pussy"; and that Defendant could not wait to see Martin "playing with [the victim] in person."

## ANALYSIS

Defendant seeks dismissal of this action on the grounds that the Court lacks jurisdiction.  Defendant is wrong.

Under this Nation's Constitution, "[t]he judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish."  U.S. Const. art. I, § 1.  "The judicial power shall extend to all cases, in law and equity, arising under this Constitution [and] the laws of the United States . . . ."  U.S. Const. art. I, § 2;  see also 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

This action concerns Defendant's alleged violations of 18 U.S.C. § 2251(a), (e) and 18 U.S.C. § 2252(a)(2).  Those statutes are indisputably "the laws of the United States," and this Court is undeniably a district court of the United States established by Congress.  Accordingly, this Court has jurisdiction over Defendant's alleged violations of 18 U.S.C. § 2251(a),(e) and 18 U.S.C. § 2252(a)(2)).

///
///
///
///
///
///

**CONCLUSION**

Because the Court has jurisdiction over this action, Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 48) is DENIED.

IT IS SO ORDERED.

Dated: August 8, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE