IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JESSE DAVENPORT,<br><br>    a/k/a Draco John Flama,<br><br>    Defendant. | CASE NO.  2:13-CR-0399 MCE<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO CONTINUE SENTENCING FROM JANUARY 5, 2017, TO MARCH 2, 2017** |

This matter is before the Court on the United States' motion to continue the current sentencing date from January 5, 2017, to March 2, 2017.

The Court finds that:

1.    On October 3, 2016, after a three-day trial, a jury returned guilty verdicts against defendant Jesse Davenport, a/k/a Draco John Flama ("Defendant"), on all four counts contained in a Superseding Indictment.  On November 8, 2016, Defendant filed a motion to recuse this Court, which the Court denied on November 14, 2016.  On November 17, 2016, Defendant filed an interlocutory appeal from the Court's denial of his recusal motion.  On or about November 29, 2016, the Ninth Circuit issued an order requiring Defendant to, by December 20, 2016, "move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction."

2.    On or about December 8, 2016, Defendant filed an "emergency" motion in the Ninth Circuit seeking additional legal research aids.  The Ninth Circuit interpreted that motion as a request for

1  an extension of time to respond to its earlier order to show cause, and extended that deadline to January
2  9, 2017.  On or about December 15, 2016, Defendant filed a response to the Ninth Circuit's order to
3  show cause in which he implicitly conceded that this Court's order denying his motion to recuse was
4  not a final decision because it did not "end[] the litigation on the merits and leave[] nothing for the
5  court to do but execute the judgment."  Nevertheless, on December 15, 2016, during oral argument on
6  his three post-trial motions, Defendant claimed his interlocutory appeal divested this Court of
7  jurisdiction in this matter, and emphasized his belief in that claim by demanding to be removed from
8  the courtroom after argument on his motions began and by spitting on the courtroom floor as he exited.

9        3.      Meanwhile, in late November or early December the United States Probation Office
10 ("Probation Office") informed the United States that Defendant declined to participate in a pre-sentence
11 investigation interview, to be included in the Presentence Investigation Report ("PSR"), while his then-
12 recently filed motion for appointment of stand-by counsel was pending.  In response, the Probation
13 Office delayed completion of the PSR.

14       4.      On December 15, 2016, this Court granted Defendant's motion for stand-by counsel.
15 However, sometime before the Court issued that order, Defendant informed the Probation Office that,
16 no matter how the Court ruled on his motion for stand-by counsel, Defendant would not participate in a
17 presentence interview.  By that time, the Probation Office asserted it could not complete the PSR in
18 time for the original sentencing date of January 5, 2017.  As of the filing of this Order, the Probation
19 Office has not disclosed the PSR in this matter.

20       5.      A continuance of the current sentencing date is necessary notwithstanding the fact of
21 Defendant's interlocutory appeal or the outcome of the pending litigation in the Ninth Circuit over that
22 appeal. Pursuant to Federal Rule of Criminal Procedure 32, with exceptions not applicable in this case,
23 "[t]he probation officer must conduct a presentence investigation and submit a report to the court before
24 it imposes sentence…."  Rule 32(e) requires a PSR to be disclosed "at least 35 days before sentencing"
25 unless a defendant waives that minimum period.  <u>See also</u> Local Criminal Rule 460 ("A copy of the
26 probation officer's proposed presentence report, including the probation officer's recommendations, shall be
27 made available to the United States Attorney's Office and to defense counsel not less than thirty-five (35)
28

days before the date set for sentencing hearing."). Rule 32 and Local Rule 460 also set forth time limits within which formal and informal objections to the content of a PSR must be filed. See Rule 32(e) – (g); Local Rule 460(e) – (g).

6.   Because a PSR in this matter has not been disclosed, sentencing cannot proceed in compliance with Rule 32 and Local Rule 460 on the current sentencing date of January 5, 2017. Moreover, on or about December 16, 2017, Court-appointed stand-by counsel entered an appearance in this matter. Counsel will require time to review the record to meaningfully assist Defendant prepare for sentencing.

7.   Additionally, in the Ninth Circuit the "transfer of jurisdiction from the district court to the court of appeals is not effected . . . if a litigant files a notice of appeal from an unappealable order." Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (citations omitted). For this reason, the Ninth Circuit has affirmed a district court's imposition of sentence despite the pendency of an improper appeal. See, e.g., United States v. Morales-Bravo, 650 Fed. Appx. 530, 531-32 (9th Cir. 2016) (unpubl.) ("because Morales-Bravo's interlocutory appeal was improper, it did not deprive the district court of jurisdiction to sentence him").

8.   Here, Defendant's pending appeal is from this Court's denial of his recusal motion. Such an order is not a final order under 28 U.S.C. § 1291. See United States v. Washington, 573 F.2d 1121, 1122 (9th Cir. 1978). Therefore, the Ninth Circuit generally lacks jurisdiction to review such an order. See In re Cement Antitrust Litig., 673 F.2d 1020, 1022–24 (9th Cir. 1982). See also Los Angeles Police Protective League v. City of Los Angeles, 314 F. App'x 72, 74 (9th Cir. 2009) (unpubl.) ("This court lacks jurisdiction to review the denial of the recusal motion."). Indeed, the Ninth Circuit suggested as much when it ordered Defendant to show cause concerning his pending appeal, and stated: "[a] review of the record suggests that this court may lack jurisdiction over the appeal because the district court's order, denying [Defendant's] motion for recusal, entered on November 14, 2016, is not appealable as a final judgment or an order that comes within the collateral order doctrine." Case No. 16-10496 at Dckt. #2 (citing 28 U.S.C. § 1291; Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989)).

9. Because Defendant's appeal was improperly taken from an unappealable order, this Court is not divested of its jurisdiction to proceed to and impose sentence in this matter. The same justification supported the Court's determination, on December 15, 2017, to decide Defendant's post-trial motions and his motion for appointment of stand-by counsel.

10. In light of the foregoing, continuing the sentencing date in this matter from January 5, 2017, to March 2, 2017, will permit additional, necessary time for the completion and disclosure of the PSR, for the parties to make informal and/or formal objections thereto, and for the parties to prepare and present their respective sentencing arguments—taking into consideration Defendant's *pro se* status and the time necessary for newly appointed stand-by counsel to review the record.

ACCORDINGLY, and for good cause shown, it is hereby

ORDERED that, the United States' motion to continue the sentencing date in this matter from January 5, 2017, to March 2, 2017, is GRANTED; and it is further,

ORDERED that the January 19, 2017, hearing is VACATED; and it is further,

ORDERED that, the Probation Office shall disclose the PSR no later than January 11, 2017, and it is further,

ORDERED that, the parties shall submit any informal objections to the PSR no later than January 25, 2017; and it is further,

ORDERED the Probation Office shall disclose the final PSR no later than February 1, 2017; and it is further,

ORDERED that, the parties shall submit any formal objections to the PSR no later than February 15, 2017; and it is further,

ORDERED that, the parties shall submit any further sentencing memoranda no later than February 23, 2017, and it is further,

ORDERED that, sentencing in this matter shall be scheduled for March 2, 2017, at 10:00am.

IT IS SO ORDERED.

Dated: January 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE