McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  13-CR-00399-MCE |
| Plaintiff, | **UNITED STATES' MOTIONS TO SET A BRIEFING SCHEDULE FOR DEFENDANT'S MARCH 25, 2021 RE-SENTENCING HEARING** |
| v. | |
| JESSE DAVENPORT, | DATE: FEBRUARY 4, 2021 |
| a/k/a Draco John Flama, | NO HEARING REQUESTED |
| Defendant. | COURT: HON. MORRISON C. ENGLAND, JR. |

## I.   BACKGROUND

In October 2016, a jury convicted defendant Jesse Davenport, a/k/a Draco John Flama, of multiple child exploitation crimes, including conspiracy to produce a video depicting the sexual abuse of a toddler.  At Davenport's instruction, his co-conspirator recorded herself sexually abusing their three-year-old victim, then emailed the video to Davenport.  After receiving it, Davenport lavished praise on the video, instructed his co-conspirator to make and send him a similar video, and distributed the video to a third party.  The conviction was Davenport's third sex offense against a minor between November 2010 and August 2013.  Remarkably, Davenport committed those three sex crimes against three minors in three states over three years, while also serving 1.5 years in prison for the second crime. He was on parole from that second sex-crime conviction when he committed the third.  In March 2017, this Court sentenced Davenport to 600 months in prison.  In January 2019, the Ninth Circuit affirmed Davenport's conviction but remanded for resentencing using the correct Guidelines manual.

In or about May 2019, the U.S. Marshal Service transported Davenport from federal prison back to the Sacramento County Jail to await resentencing. In June 2019, the government requested a status hearing, which the Court set for August 2019. Dkt. No. 319-20. After several continuances of that hearing, the parties agreed on and sought a sentencing date of January 30, 2021, and stipulated to a briefing schedule for objections to the PSR and the filing of any sentencing memoranda. Dkt. No. 321-23. The Probation officer filed the draft PSR on December 12, 2019, and after considering Davenport's informal objections, filed the final revised PSR on January 9, 2020. Dkt. No. 332, 334.

On October 10, 2019, the Court held a status conference and confirmed the January 30, 2020 sentencing date. Dkt. No. 329. Due to a combination of unforeseeable circumstances (including the Covid-19 pandemic), Davenport's resentencing hearing was re-scheduled to May 2020, then June 2020, then August 20, 2020, then October 15, 2020, and then to December 17, 2020, before being scheduled to the current date of March 25, 2021. Dkt. No. 333, 346, 347, 348, 356, 358, 361. While the delay during that period was not solely attributable to Davenport, he made it clear in mid-2020 that he would refuse to consent to being sentenced until he could appear in person, insuring indefinite delay of his re-sentencing. See Dkt. No. 360 (affirming earlier refusal to consent to sentencing via video-conference).

While Davenport waits to be re-sentenced, he has kept busy by bringing serial motions for various relief (including several frivolous motions seeking impossible transfers to alternative detention facilities) before this Court and others. Dkt. No. 324 (containing an unnoticed motion for pro se status with stand-by counsel), 327 (addressing the merits of that prior unnoticed motion), 330 (seeking special jail accommodations), 335 (second motion for pro se status with stand-by counsel), 337 (seeking to change the caption of this case after seven years), 339 (seeking grand jury transcripts after previous denial of an earlier motion), 341 (second motion, to a new judge, seeking to change the caption of this case after seven years), 350 (motion to transfer to alternate detention facility), 363 (second motion to transfer to alternate detention facility). In some of his motions, Davenport asked one judge to overrule the order of another, see Dkt. No. 335, 341, 363, including successfully asking a Magistrate Judge to overrule the District Court's prior order denying his motion for pro se status with stand-by counsel. Compare Dkt. No. 329 (denying October 2019 motion for pro se status with stand-by) with Dkt. No.

**1** 336 (granting January 2020 motion for pro se status with stand-by counsel).

**2** Neither party has yet filed formal objections to the PSR or sentencing memoranda, which are necessary steps to limit additional needless delay in this matter and close out the district court phase of the case.

## II.   ARGUMENT[1]

### A.   The Court should order presentence briefing completed before March 25, 2021.

The Court may regulate practice before it in any manner consistent with federal law, the Federal Rules of Criminal Procedure, and the Local Rules.  Fed. R. Crim. P. 57(b).

More than two years have passed since the Ninth Circuit decided Davenport's appeal and remanded this matter for re-sentencing.  More than one year has passed since Davenport's first scheduled re-sentencing hearing, and multiple dates after that initial date have come and gone.  Davenport has made clear that he intends to force additional delay by refusing to consent to be sentenced via video-conference, as is his right.  However, to avoid needless additional delay, the Court should require the parties to fully brief this matter so that the Court may proceed to sentencing at the next possible in-person hearing date available.  If the matter is not fully briefed before then, Davenport will hold leverage to force the Court to permit more delay by requesting even more time to complete pre-sentence briefing he could have completed long ago (especially with the help of his stand-by counsel, who was appointed a year ago in January 2020).

The Final PSR has been available to the parties since January 9, 2020, giving Davenport and his able stand-by counsel more than sufficient time to complete whatever research or other preparation they feel is required to present their argument at a *second* sentencing in this matter, in which the Ninth Circuit has already decided several issues that were before the Court at Davenport's original sentencing and will not be before it at the re-sentencing.

---

[1] This memorandum does not include a detailed procedural and factual history, however, a lengthy recitation of each may be found in the government's Opposition to Davenport's Motion to Compel, Motion for Disclosure, Motion for Correction of the Record, a Motion to Remove Shackles.  See Dkt. No. 342.

Accordingly, the Court should order the following briefing schedule:

- March 4, 2020:  The parties shall file formal objections to the PSR;

- March 18, 2020: The parties shall file responses to objections and any sentencing memoranda.

- March 25, 2020: Sentencing Hearing.

Even if Davenport refuses to consent to sentencing by video-conference on March 25, 2020, the Court should require the above briefing schedule so that this matter is finally fully briefed and ready for the earliest possible date the Court can proceed with an in-person sentencing hearing.

### III.   CONCLUSION

For the forgoing reasons, the Court should order the above-detailed briefing schedule.

Respectfully Submitted,

Dated: February 24, 2021

McGREGOR W. SCOTT
United States Attorney

By:   */s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney

**ORDER**

For the reasons set forth in the government's motion, and for good cause shown, it is hereby **ORDERED**, that the parties shall file sentencing documents as follows:

The parties shall file formal objections to the PSR on or before **March 4, 2021**;

The parties shall file responses to objections and any sentencing memoranda on or before **March 18, 2021**; and

The **March 25, 2021**, resentencing hearing is VACATED and CONTINUED to **April 1, 2021**, at 9:00 a.m. in Courtroom 7.  The re-sentencing hearing will be conducted in person before the Court.

IT IS SO ORDERED.

Dated:  February 24, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE